1  **DYKEMA GOSSETT** LLP
   ASHLEY R. FICKEL, SBN: 237111
2  afickel@dykema.com
   JEFFREY A. ILOULIAN, SBN: 293633
3  jiloulian@dykema.com
   333 South Grand Avenue, Suite 2100
4  Los Angeles, CA 90071
   Telephone:(213) 457-1800
5  Facsimile: (213) 457-1850

6  Attorneys for Defendant
   ASSET ACCEPTANCE, LLC

7



```
FILED
CLERK, U.S. DISTRICT COURT

JAN -3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY
```

8             UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12  JENIFFER JELENSKY, an individual    Case No. **CV14-00083**-DSF (JCGx)

13            Plaintiff,

14       vs.                            **DEFENDANT ASSET
                                        ACCEPTANCE, LLC'S NOTICE
15  ASSET ACCEPTANCE, entity unknown,   OF REMOVAL**
    and DOES 1 through 10 inclusive,
16                                      [28 U.S.C. § 1331]
            Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

Defendant Asset Acceptance, LLC ("Asset") hereby gives notice that this action is removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446. In support thereof, and for the purpose of removal only, Asset states as follows:

1.   On November 18, 2013, Plaintiff commenced this action against Asset in the Superior Court of the State of California, County of Los Angeles, Limited Civil Division, Case No. 13K16407. Asset was served with the Complaint on December 4, 2013. Copies of all process, pleadings, and orders served upon Asset in the action, and a true and correct copy of the Superior Court docket in the action, are contained in Exhibit A attached hereto.

2.   Plaintiff alleges Asset violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §1788., et seq. Both claims arise from a common nucleus of operative facts. Plaintiff claims Asset violated the FDCPA and RFDCPA in connection with Asset's efforts to collect a debt owed by Plaintiff.

3.   This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § 1331, because Plaintiff alleges Asset violated a federal statute – the FDCPA.

4.   Pursuant to 28 U.S.C. §§ 1441, et seq., this cause may be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

5.   Plaintiff also alleges Asset violated a state statute – California Civil Code § 1788. Because the federal and non-federal claim each derive from a common nucleus of operative facts, this Court has supplemental jurisdiction over the non-federal claim alleged against Asset. 28 U.S.C. § 1367(a).

6.   Notice of this removal has been filed with the Superior Court of the State of California, County of Los Angeles, and served upon all parties.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DEFENDANT ASSET ACCEPTANCE, LLC'S NOTICE OF REMOVAL

1        WHEREFORE, Asset Acceptance, LLC removes the subject action from the

2    Superior Court of the State of California, County of Los Angeles, to the United States

3    District Court for the Central District of California.

4

5    Dated:  January 3, 2013           DYKEMA GOSSETT LLP

6

7                           By: */s/ Jeffrey A. Iloulian*

8                             Ashley R. Fickel
                         Jeffrey A. Iloulian

9                             Attorneys for Defendant
                         ASSET ACCEPTANCE, LLC

PAS01\731842.1

10   IDUAI - 019956\0950

11

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ASSET ACCEPTANCE, LLC'S NOTICE OF REMOVAL

EXHIBIT "A"

**Case Summary**

Case Number: 13K16407
JELENSKY, JENIFFER VS ASSET ACCEPTANCE
Court: Stanley Mosk Courthouse

Filing Date: 11/18/2013
Case Type: OTHER (Limited Jurisdiction)
Status: Pending

Future Hearings

05/18/2015 at 08:30 AM in department 77 at 110 North Grand Ave., Los Angeles, CA 90012
NON-JURY TRIAL

11/18/2016 at 08:30 AM in department 77 at 110 North Grand Ave., Los Angeles, CA 90012
ORDER TO SHOW CAUSE

History Information

Parties

Plaintiff: JELENSKY JENIFFER
Attorney:  LAW OFF OF L PAUL MANKIN IV

Defendant: ASSET ACCEPTANCE
Attorney:  None

Party Information

Histories (Dates listed in descending order)

11/22/2013 NON-JURY TRIAL SET FOR 05/18/15, 08:30 AM, DEPT 77

11/21/2013 OSC SET 11/18/16, 08:30 AM, DEPT. 77 PURSUANT TO GENERAL ORDER

11/18/2013 COMPLAINT FILED

11/18/2013 SUMMONS FILED

Case Information | Party Information | History Information

 CT Corporation

**Service of Process Transmittal**
12/04/2013
CT Log Number 523999602

| | |
|---|---|
| **TO:** | Andrea Dickson-Rekasi<br>Asset Acceptance LLC<br>28405 Van Dyke Avenue<br>Warren, MI 48093 |
| **RE:** | **Process Served in Wisconsin** |
| **FOR:** | Asset Acceptance, LLC (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeniffer Jelensky, etc., Pltf. vs. Asset Acceptance, etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet(s), Instructions, Complaint, Order |
| **COURT/AGENCY:** | Los Angeles County Superior Court, CA<br>Case # 13K16407 |
| **NATURE OF ACTION:** | Defendant violated the Fair Debt Collection Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/04/2013 at 07:50 |
| **JURISDICTION SERVED :** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Paul Mankin<br>8730 Wilshire Blvd. Suite 310<br>Beverly Hills, CA 90211<br>800-219-3577 |
| **REMARKS:** | Please note the process server underlined, circled, initialed and/or highlighted the entity being served prior to receipt by C T Corporation System. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/05/2013, Expected Purge Date: 12/10/2013<br>Image SOP<br>Email Notification, Andrea Dickson-Rekasi adicksonrekasi@assetacceptance.com<br>Email Notification, Carol Steury csteury@assetacceptance.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Dawn Pederson<br>8040 Excelsior Drive<br>Suite 200<br>Madison, WI 53717<br>608-833-4821 |

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ASSET ACCEPTANCE, entity unknown, and DOES 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENIFFER JELENSKY, an individual

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**NOV 1 8 2013**

Sherri R. Carter, Executive Officer/Clerk

By Victor Sino-Cruz, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | *(Número del Caso):* 13K16407 |

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Paul Mankin, Esq., 8730 Wilshire Blvd. Suite 310, Beverly Hills, CA 90211, (800) 219-3577

| DATE: November 5, 2013 | SHERRI R.Clerk, by | | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* VICTOR SINO-CRUZ | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010))*

**NOTICE TO THE PERSON SERVED:** You are served

(SEAL)

**NOV. 1 8 2013**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   Asset Acceptance, entity unknown

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* 415.95 Business Organization, Form Unknown

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SHORT TITLE: JELENSKY v ASSET ACCEPTANCE | CASE NUMBER | 13K16407 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [✓] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [✓] YES   TIME ESTIMATED FOR TRIAL 4 [✓] HOURS/ [ ] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXHIBIT A - Page 7

| SHORT TITLE JELENSKY v ASSET ACCEPTANCE | | CASE NUMBER |
|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3<br>1., 2., 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5<br>1., 2., 3., 5<br>1., 2., 3., 8 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT A - Page 8

| SHORT TITLE: JELENSKY v ASSET ACCEPTANCE | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8 |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8 |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9 |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

EXHIBIT A - Page 9

| SHORT TITLE JELENSKY v ASSET ACCEPTANCE | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>⊏ ⊏1. ⊏ ⊏2. ⊏⌐3. ⌐ ⌐4. ⊏ ⌐5. ⌐⌐6. ⌐⌐7. ⌐ ⌐8.   ⌐9. ⌐  10. | ADDRESS 1850 N. New Hampshire Ave. |
|---|---|
| CITY Los Angeles | STATE CA | ZIP CODE 90027 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2 0, subds. (b), (c) and (d)].

Dated: __November 5, 2013__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT A - Page 10

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> ─ Paul Mankin, Esq. SBN: 264038 <br> The Law Office of Paul Mankin <br> 8730 Wilshire Blvd., Suite 310 <br> Beverly Hills, CA 90211 <br> TELEPHONE NO. (800) 219-3577   FAX NO. (323) 207-3885 <br> ATTORNEY FOR *(Name)*: JENIFFER JELENSKY | FOR COURT USE ONLY <br><br> **CONFORMED COPY** <br> **ORIGINAL FILED** <br> Superior Court of California <br> County of Los Angeles <br><br> NOV 1 8 2013 <br><br> Sherri R. Carter, Executive Officer/Clerk <br><br> By Victor Sino-Cruz, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
**JELENSKY v ASSET ACCEPTANCE**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER **13K16407** |
|---|---|---|---|
| ☐ Unlimited <br> (Amount demanded exceeds $25,000) | ☑ Limited <br> (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE <br><br> DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 5, 2013
Paul Mankin, Esq.
_____
(TYPE OR PRINT NAME)            ► _____
                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std 3.10 <br> www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
　Damage/Wrongful Death
Uninsured Motorist (46) *(if the
　case involves an uninsured
　motorist claim subject to
　arbitration, check this item
　instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability *(not asbestos or
　toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip
　　and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination,
　false arrest) *(not civil
　harassment)* (08)
Defamation (e.g., slander, libel)
　(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract *(not unlawful detainer
　　or wrongful eviction)*
　Contract/Warranty Breach–Seller
　　Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections
　　Case
Insurance Coverage *(not provisionally
　complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent
　domain, landlord/tenant, or
　foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
　drugs, check this item; otherwise
　report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case
　　Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor
　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　*(arising from provisionally complex
　case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of
　　County)
　Confession of Judgment *(non-
　　domestic relations)*
　Sister State Judgment
　Administrative Agency Award
　　*(not unpaid taxes)*
　Petition/Certification of Entry of
　　Judgment on Unpaid Taxes
　Other Enforcement of Judgment
　　Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
　above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-
　　harassment)*
　Mechanics Lien
　Other Commercial Complaint
　　Case *(non-tort/non-complex)*
　Other Civil Complaint
　　*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition *(not specified
　above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult
　　Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late
　　Claim
　Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT A - Page 12

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 18 2013

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

Paul Mankin- State Bar No. 264038
The Law Office of L. Paul Mankin IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: (800)-219-3577
Facsimile: (323) 207-3885

Attorney for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR LOS ANGELES COUNTY

### LIMITED JURISDICTION

**13K16407**

| | |
|---|---|
| JENIFFER JELENSKY, an individual, Plaintiff, <br><br> vs. <br><br> ASSET ACCEPTANCE, entity unknown, and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br> Amount not to exceed $10,000.00 <br><br> 1. Violation of the Federal Fair Debt Collection Practices Act; <br> 2. Violation of the Rosenthal Fair Debt Collection Practices Act; |

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, ("hereinafter

"FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.*

("hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive,

deceptive, and unfair practices.

COMPLAINT - 1

**PARTIES**

2.   Plaintiff JENIFFER JELENSKY ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Los Angeles, in Los Angeles County, and State of California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "debtor" as defined by Cal. Civ. Code §1788.2(h).  Plaintiff at all relevant times with respect to this complaint was a resident of Los Angeles County California.

3.   At all relevant times herein, Defendant, ASSET ACCEPTANCE (hereinafter "AA"), was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692(a)(5) and a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4.   Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure.*

5.   Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

**FACTUAL ALLEGATIONS**

6.   At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

COMPLAINT - 2

7. This financial obligation was primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant AA has placed calls to Plaintiff on a daily basis regarding the collection of a debt allegedly owed by Plaintiff.

9. Plaintiff has received multiple telephone calls each day from Defendant in connection with the collection of the alleged debt.

10. On information and belief, on average, Plaintiff received two or more calls per day from Defendant.

11. On information and belief, on average, Plaintiff received fifteen or more calls per week from Defendant calling from phone number (800) 545-9931.

12. Defendant AA continued to call in spite of Plaintiff's repeated requests that they cease their collection attempts.

13. On information and belief, the amount demanded by Defendant AA was not an amount owed by Plaintiff to any creditor including Defendant AA.

14. Defendant's conduct violated the FDCPA, and the RFDCPA, in multiple ways, including but not limited to:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d);

   b) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§1692d(5));

   c) Attempting to collect an amount not legally owed (§1692e(2)(A));

   d) Communicating, by telephone or in person, with plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(c));

   e) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code §1788.11(d)).

COMPLAINT - 3

15. As a result of the above violations of the FDCPA, RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR
## DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE ROSENTHAL FAIR
## DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

19. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

COMPLAINT - 4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.  Actual damages;
      B.  Statutory damages;
      C.  Costs and reasonable attorney's fees; and
      D.  For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A JURY TRIAL

Date: November 5, 2013

Paul Mankin, Esq.
Attorney for Plaintiff

COMPLAINT - 5

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Los Angeles Superior Court Cases General )<br>Order – Limited Jurisdiction (Non-Collections) )<br>Cases )<br>)<br>)<br>)<br>) | Case No.:  **1 3 K 1 6 4 0 7**<br><br>GENERAL ORDER |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the

Los Angeles County Court Rules, the COURT HEREBY GENERALLY ORDERS AS

FOLLOWS IN THIS ACTION:

    1.    **PLAINTIFF/S IS/ARE ORDERED TO SERVE A COPY OF THIS**

**GENERAL ORDER ON THE DEFENDANT/S WITH COPIES OF THE SUMMONS**

**AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS**

**ORDER. (Code Civ. Proc., § 594, subd. (b).)**

    2.    The Court sets the following trial date in this case in Department 77 at the

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

POS: 0 5 / 1 9 / 2014   TRIAL: 0 5 / 1 8 / 2015   OSC: 1 1 / 1 8 / 2016

---
**TRIAL:**
- Date: _____ at 8:30 a.m.
---

### SERVICE OF SUMMONS AND COMPLAINT

    3.    The trial date set forth above is conditioned on the defendant/s being served

with the summons and complaint within six (6) months of the filing of the complaint. The

trial date will be continued to a later date if service is not accomplished within six (6) months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six (6) months of the filing of the original complaint.

      4.     The summons and complaint shall be served upon the defendant/s within <u>three (3) years</u> after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).). The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

<div style="border:1px solid black; padding:10px;">

**UNSERVED PARTIES DISMISSAL DATE**

POS: 05 / 1 9 / 2014  TRIAL: 0 5 / 1 8 / 2015  OSC: 1 1 / 1 8 / 2016

</div>

      5.     No Case Management Review (CMR) will be conducted in this case.

**LAW AND MOTION**

      6.     All regularly noticed pre-trial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.  Motions will require parties to reserve a hearing date by calling (213) 974-6247.  All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

      7.     Tentative rulings may be posted on the Court's internet site at http://www.lasuperiorcourt.org/tentativeruling the day prior to the hearing.

EXHIBIT A - Page 19

## EX PARTE APPLICATIONS

8.      Ex parte applications should be noticed for 1:30 p.m. in Department 77.  All applications must be filed by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9.      The fee shall be due no later than 365 calendar days after the filing of the initial complaint.  (Code Civ. Proc., § 631, subds. (b) and (c).)

## STIPULATION TO CONTINUE TRIAL

10.      A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77.  The stipulation and order should be filed in Room 102 of the Stanley Mosk Courthouse with the required filing fees.  (Code Civ. Proc., § 595.2 and Govt. Code § 70617, subd. (c)(2).)

## TRIAL

11.      Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date.  On the day of trial the Parties shall bring with them to Department 77 all of the following:

     i.      Joint Statement of the Case;

     ii.      Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court ( LASC), see local rule 3.57;

     iii.      Joint Witness List disclosing the witnesses who will be called what they will testify to, and how long their testimony will take;

     iv.      Joint Exhibits in exhibit books, numbered appropriately, and Exhibit List;

    v.     Joint Proposed Jury Instructions printed out for the court; and

    vi.    Joint Proposed Verdict form(s) printed out for the court.

    12.    **FAILURE TO COMPLY WITH ANY REQUIREMENT SET FORTH IN PARAGRAPH 11 ABOVE  MAY RESULT IN SANCTIONS OR THE VACATING OF THE TRIAL DATE.**  (Los Angeles Superior Court Local Rule 3.37.)


    GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.


DATE: March 13, 2013

Hon. Stephanie Bowick
Judge of the Superior Court

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE PROCEDURES & REQUIREMENTS LIMITED CIVIL
(NON-COLLECTION)ACTIONS

Case Number: _____

<u>THIS FORM WILL BE POSTED IN THE COURTROOM AND ON THE COURT'S WEBSITE</u>

**LIMITED JURISDICTION CASE MANAGEMENT PROCEDURES AND INSTRUCTIONS**

**The following critical provisions, as applicable in the Central District are cited for your information:**

<u>**TIME STANDARDS:**</u>

**COMPLAINTS:** All complaints should be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed (Code Civ. Proc. §428.50).

<u>**DEFAULTS:**</u> (Local Rule 9.10, Cal. Rules of Court, rule 3.110(g)). If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff should file a Request for Entry of Default within 10 calendar days after the time to respond has elapsed. The plaintiff should request default judgment on the defaulting defendants within 40 calendar days after entry of default. Requests for entry of default judgments will only be considered based upon written submissions.

<u>**NOTICED MOTIONS:**</u> All regularly noticed pre-trial motions will be heard in the Limited Civil Courtroom on Mondays, Tuesdays, Wednesdays and Thursdays at 8:30 a.m. and will require parties to reserve a hearing date in Department 77. Motions for Summary Judgment must be identified at the time of reservation. All motions should be filed in Room 102. Tentative rulings may be posted on the Court's internet site, http://www.lasuperiorcourt.org/tentative ruling, the day prior to the hearing.

<u>**EX-PARTE MATTERS:**</u> All pre-trial ex-parte applications should be noticed in the Limited Civil Court, Department 77 for 1:30 p.m. Ex parte appearance applications for Department 77 will be heard daily and must be filed by 1:00 p.m. daily in Room 102 on the day of the hearing.

<u>**UNINSURED MOTORISTS CLAIMS:**</u> Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court, identifying the case as an uninsured motorist claim under Insurance Code section 11580.2

2/7/13

1

## PROOF OF SERVICE

2

3          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 333 South Grand Avenue, #2100, Los
4   Angeles, California 90071.

5

           On **January 3, 2014**, I served the foregoing document described as **DEFENDANT ASSET
6   ACCEPTANCE, LLC'S** **NOTICE OF REMOVAL** on all interested parties in this action as
follows:

7

| | |
|---|---|
| Paul Mankin<br>The Law office of L. Paul Makin IV<br>8730 Wilshire Blvd., Suite 310<br>Beverly Hills, CA  90211<br>Phone:  (800) 219-3577<br>Fax:  (323) 207-3885 | Attorneys for Plaintiff |

8

9

10

11   ☒   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with U.S. Postal
12        Service on the same day with postage thereon fully prepaid at Los Angeles, California in the
ordinary course of business.  I am aware that on motion of the party served, service is
13        presumed invalid if postal cancellation date or postage meter date is more than one day after
date of deposit for mailing on affidavit.

14

15   ☐   **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the
addressee.

16   ☐   **(BY OVERNIGHT SERVICE)** Via Federal Express

17   ☐   **(BY E-Mail)**  I caused such document to be transmitted by electronic format to the office of
the addressee(s) listed above.

18

19   ☐   **(BY FACSIMILE)** By transmitting in true copy thereof by facsimile from facsimile number
(213) 457-1850 to the facsimile number(s) shown above.

20   ☒   (State) I declare under penalty of perjury under the laws of the state of California that the
foregoing is true and correct.

21

22   ☐   (Federal) I declare that I employed in the office of a member of the bar of this court at
whose direction the service was made.

23        Executed on **January 3, 2014**, at Los Angeles, California.

24

25                                    /s/ Cathy Perez
                                     Cathy Perez
26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071